The next case is Barday, Inc. v. Lincoln Fabrics. Mr. Birchow, when you're ready. Thank you, Your Honor. Good morning. May it please the Court, I've reserved five minutes. We have a single claim term at issue on this appeal. Six-page specification, no extrinsic evidence, no experts, yet I've managed to put 65 pages of briefing in front of you. Hopefully I can focus on a couple issues that I think are most important. And the first one relates to the dependent claims, 10-14 in the 379 patent. And I believe in view of the Court's recent decisions in Littlefuse and Behalta and some of the others that we've put in our briefs and discussed, this may be our most compelling point. Behalta is an interesting decision. There you had a specification which actually had an express definition of the term antibody. But that express definition was inconsistent with some of the dependent claims in that case. And even in the face of that express definition, the Court preserved those dependent claims and went with a broader construction. The Court held that the defendant's construction was plausible, but that... So do you contain your best evidence to support your proposed construction is here at the dependent claims? I think it's one of our best arguments, sure. I mean, I think that there's really no dispute about what the term securing yarns means. I think the Court made that clear. The only question is whether to exclude these warp and weft yarns. And I think when you look at these dependent claims, that confirms what's in the specification and the embodiment that's in the specification, the embodiment that the District Court admitted was an embodiment of the invention. But you agree that all of the figures in the patent support the District Court's claim construction, right? And I think you admitted as much in your reply. Is that right? I think that's correct. There's no figure that shows the use of the warp and weft yarns as securing yarns. However, if you look at column 3 of the patent, lines 35 to 42, the spec actually talks about that, and it talks about figure 2. It says, for example, one or more of the warp yarns and or weft yarns could be interwoven along a path similar to the path of a securing yarn, as shown in figure 2, to secure the first layer and the second layer. So I think the Court really ignored that part. But the sentence above that says those warp yarns could be used in addition to or in place of the securing yarns. Why doesn't that suggest that there's still a distinction between the warp and weft yarns and the securing yarns? Well, I think those are two different terms. In addition to is something different than in place of, and I think the Court recognized that. The Court said, the Court admitted that this is an embodiment wherein the warp and weft yarns can be used as a substitute for the securing yarns. But does that mean they're a securing yarn or they're just a warp or weft yarn used as the functional equivalent? I believe in that case they are the securing yarn. I mean, you've basically got two layers that are being made together. If that's the case, why wouldn't it use the language that's in the defendant claims where it suggests that the warp and weft yarns can be the securing yarns? Why wouldn't that have been used in the spec? I don't have an answer for that. I mean, this is a pretty, I'm not going to say it, I'm not Judge Laurie. It's a pretty thin basis to argue, because can you point to me in the independent claims anywhere where these three things are not referred to all separately? They are referred to separately. Right, so you agree, all of the dependent claims have a warp yarn, a weft yarn, and a securing yarn, and they're not overlapping. The independent claims. Independent, sorry, yeah. I'm sorry, can you repeat the question? Yes, the independent claims, there's nowhere where a warp yarn is referred to as a securing yarn or vice versa. They're three separate things. That's correct. It's only in the dependent claims. Let me ask you this hypothetically. If we didn't have the dependent claims and you still have this language that you have suggested as an embodiment, that would be an unclaimed embodiment then. So the original patent wouldn't have had any claims for this embodiment. No, because I think the independent claims would still cover that embodiment. Even though on their plain language they're all set out as structurally different. How could they do that? I mean, don't we look at the claim language first, as informed by the specification, but we don't ignore the claim language to determine the claim construction. So setting aside the dependent claims, the independent claims refer to all three of those things as separate structural limitations. Correct. So it's proper claim construction for all of those independent claims. Again, setting aside the later added dependent claims coincide with what the district court found here. I understand the point, Your Honor, but I don't believe that. I still think that the independent claim would cover the embodiment that we're talking about in that column three, where I believe and the court agrees that it's an embodiment. You think a piece of fabric that didn't have separate securing yarns but used either the warp or the weft yarns to secure it also infringes the independent claims? Correct. Why did you stipulate to not infringement then? I mean, if you think those claims cover it. Well, it's in view of the way that the court construed the claims. I mean, the court was looking at the infringing product as it was going through this and made clear, hey, I don't think this covers this infringing product from Lincoln. This is what's confusing about this case to me. I think you've already acknowledged enough that securing yarns are not the same thing as warp and weft yarns, and claim construction is about defining what a securing yarn is. Correct. So I think you're implicitly conceding a securing yarn needs to be defined, needs to be construed as something different than warp or weft yarns, but the issue is whether or not a warp or weft yarn can be used to serve the function of a securing yarn. Isn't that really the issue? I think what you have here is you're making two layers, and if you've got warp and weft yarns in both layers, and, for example, you're going to take every fourth weft yarn and you're going to use that and you're going to extend it below the next layer, that is the securing yarn. It's in the same material, the same size, the same weight, the same orientation as the warp and weft yarns, but because it extends below, as discussed in the spec, it is a securing yarn. No, when you say, as discussed in the spec, you just mean that one paragraph. That's the only place it's addressed. It's the only place it's raised. So even though you have a lot of pictures about how this works and all this kind of stuff, and none of the independent claims cover this embodiment, you nonetheless say that that's in the specification. Correct. That's the only intrinsic support, other than the dependent claims of the second patent, I guess, that shows that a warp or weft can be used to function as a securing yarn. Right, and that's been the focus of the briefing. And what is the implication for that, though, of what the proper construction of securing yarn is, since the appeal comes to us as a dispute over claim construction? Right, and I just think the construction is, as the court pointed out, a securing yarn serves the function of holding these two layers together. I don't think you need to go beyond that. Your construction appears to be very litigation-driven, if I'm just being honest with you. I guess the one thing that I'm wondering about is, you added these dependent claims after Lincoln sent you a letter, right, explaining why his accused products did not infringe. Is that accurate, just so I make sure I understand kind of the timeline? That is correct. But aside from the timing, there's no evidence, there's nothing in the record that suggests it was only done for purposes of litigation. But the fact is, if a patentee went to the office and said, hey, we want confirmation in claims that this patent and these claims should be interpreted in the way we believe they should be interpreted, go through the prosecution, the examiner looks at and presumably understands what's in the spec and finds support for those dependent claims in the spec, I don't think there's any prohibition or anything wrong with going at it that way. The district court seems to have reduced the impact of the dependent claims, which I agree with you is probably your most compelling evidence here, by calling that claim differentiation. Is that a fair characterization of the effect of the dependent claims on the analysis here? I don't really think it's your kind of typical claim differentiation. I think typically you say, well, we added a limitation in a dependent claim, and therefore the independent claim doesn't necessarily have to have that. But here we're talking about we added in the dependent claim so the independent claim can't exclude that limitation. So is that claim differentiation in the kind of standard sense? I'm not sure that it is. As I understand it, and I don't know if you've conceded this or not, but if the district court's construction stands, those dependent claims are broader than the independent claims, and they're also nonsensical, and therefore I think invalid. Is that right? I've said that. You have said that. Yeah, I've said. I mean, you basically have a dependent claim that says, we exclude Warp and Weft Urns and we include Warp and Weft Urns. I don't know what you can do with that. Okay, I think we have your argument. You're above all. We'll go to the other side. Thank you, Your Honor. May it please the Court. The language of the claims and the specification make it abundantly clear that securing yarns are yarns other than the yarns of the upper and lower layer. Can you point to that makes it abundantly clear or even clear that a Warp or Weft yarn cannot serve the function of a securing yarn? A Warp or Weft yarn could, according to the one passage discussed previously, serve the function of a securing yarn. But in that embodiment, it wouldn't be a securing yarn. And maybe we should look at that passage first because I think it's critical. So the passage of the specification that addresses this issue is at page 31 of the appendix.  There, the patentee tells us, in some embodiments, one or more of the Warp and or Weft yarns could be used in addition to or in place of one or more securing yarns for holding the two or more layers together. So if we stop right there, that language tells us that the securing yarns are separate and distinct from the yarns of the upper and lower layers. But it also tells us you can use a Warp or Weft yarn as a securing yarn. You could use it to secure, but it would be in place of a securing yarn. And therefore serving the function of the securing yarn. If you don't have anything securing, you just have a bunch of layers that are not woven together. It could serve the function of securing, and that embodiment would be one in which the upper and lower layers are secured together with the Warp and Weft yarns, with no separate securing yarns. That embodiment is not claimed. How do you say that? First of all, you admit it is claimed in the 379 dependent claims, right? No dispute about that. I admit that the later added dependent claims are an effort to redefine the scope of securing yarns to include yarns of the upper and lower layers. I also would say that those claims are difficult to make sensical in light of the claim's court's construction. But they don't make sense when compared to Claim 1 in the first place. They make perfect sense if the district court's construction is wrong and we adopt the plaintiff's construction, which is securing yarns is something that holds the two layers together. The problem with that construction, though, Your Honor, is that it's nowhere in the specification. In fact, it's correct. You just read to us where it is in the specification. Well, but there in the specification, we're told that the securing yarns are not the yarns of the upper and lower layers. In some embodiments, one or more of the Warp and or Weft yarns could be used in addition to or in place of one or more securing yarns. Before I come back to my question, what excludes the Warp or Weft yarns from performing the function of the securing yarn? The Warp or Weft yarn, according to that single sentence there, could perform the function. But the patent teaches us that the securing yarns are different. Let me give you another example of where that comes up, Your Honor. Column 2, lines 36 to 46 of the specification at Appendix 30. There, the patentee tells us generally the yarns of one layer are not interwoven with the yarns of another layer because such interweaving tends to increase the degree of crimp for the yarn in relation to the rest of the yarns in the fabric, which can create ballistic weak points. And here the patentee is discussing directly securing the upper and lower layer with no securing yarn. Patentee continues, in particular, the first or upper yarns are not interwoven with the second or lower yarns and vice versa. They're disparaging certain embodiments. They would prefer not to use the Warp or Weft yarns as securing yarns, but all of that is consistent with, hey, there's different ways to practice my claims. Sometimes you can use a Warp or Weft yarn to perform the function of a securing yarn. But here's what they say next in the next sentence. Instead, as shown, the first or upper layer and second or lower layer are secured together by one or more securing yarns. What that's telling us is that the securing yarns are necessarily different from the yarns of the upper and lower layer. They provide a special benefit in contrast to using the yarns of the upper and lower layer to secure. So from a definitional perspective, which is what I think we're here for, the securing yarns, as used everywhere in the patent specification and the independent claims, the securing yarns are a distinct component separate from the yarns of the upper and lower layer. So you contend that you have multiple portions of the specification and the independent claims that support the district court's claim presumptions. Correct. And let me return to that if I could. So starting with Claim 1, which is on page 34 of the appendix. Claim 1 separately identifies three elements of the multilayer ballistic fabric. An upper woven layer, Warped and Weft yarns, a lower woven layer with Warped and Weft yarns, and securing yarns. Securing yarns are identified as a separate component in Claim 1. Claim 1 then teaches us that the securing yarns are interwoven with the yarns of the upper and lower layers. The clear implication of that claim language is that the securing yarns are not the yarns of the upper and lower woven layers. What is your response to the issue of potentially rendering some of the dependent claims nonsensical? Or following up on Judge Stark's question. So, Your Honor, this court has recognized in multiple cases that in some instances a proper construction might render dependent claims nonsensical or even invalid. And we cite several cases in our briefs. The three that I think are most informative are the Key of Consulting case, the Regents of University of California case, and the ICU medical case. Those cases are discussed in detail on pages 35 to 37 of our briefs. In each of those cases, this court adopted a construction that effectively rendered dependent claims either superfluous or invalid, having no scope at all. And the court did so because the canons of claim differentiation or dependent claim preservation, one of those two canons are at issue here, either claim differentiation or dependent claim preservation. They're not absolute rules. None of these are absolute rules, but in any of those cases, was there what I would consider, I guess you maybe disagree, specification support for the very embodiment that is then later claimed in the dependent claims, the in-place of embodiment. In those cases, there was no specification support for the construction being urged by the patentee. And I would contend that's the case here because the unclaimed embodiment of using the warp and weft yarns to secure without securing yarns while discussing specification and while the notion of being able to use a warp and weft yarn to perform the function of securing yarns, that passage only tells us that while functionally you could do that, it's not what the patentee calls and defines as the securing yarns. The securing yarns in that passage are necessarily different from the warp and weft yarns of the upper and lower layers. In addition to or in place of language, I think compels that conclusion and I think it's impossible to reconcile Bardet's construction, which can treat the securing yarns as one and the same as the warp and weft yarns. It's impossible to reconcile that construction with this passage. Even if... He presented to us as really a claim construction dispute as opposed to one that they call an infringement dispute. Correct. Do you agree with that? I agree. I also disagree that the court considered infringing products in its claim construction. I think the court did exactly what it was supposed to do. There's an intrinsic evidence case. It marched through the independent claims. It marched through multiple passages of the specification, which uniformly describes securing yarns as distinct from the yarns of the upper and lower layers. And then it addressed the dependent claims. And part of the argument about why the dependent claims shouldn't bother us seems to be that they were litigation-driven, the timing that they were added. Have you found any cases where we have said that the patentees' right, their property right in a dependent claim, is somehow lessened or less valuable or easier to invalidate because of the timing it was added or whether it was litigation-motivated or whatever their motivations were? Have we ever said that? Your Honor, what the court has said in two cases, CAVE Consulting and ICU Medical, is this. The canons of claim differentiation and dependent claim preservation should be given even less weight in situations where the dependent claims were not part of the original application and were added after the allegedly infringing product went to market. So CAVE Consulting, which we cite in our brief, the court there explained the fact that the dependent claims relied upon by the patentee were added after the filing of the original application is significant. I think you've agreed already, but I want to make sure I follow your position. In neither of those cases was there a specification calling out expressly the embodiment that later is claimed in the dependent claims. In none of those cases, I think you're correct, Your Honor, that none of those cases was there. So that statement in the specification, whatever it means, we might disagree about its meaning, it was not litigation-driven, it was not added by amendment, it was not added years later, right? The passage at column 3, lines 35 to 42, that was in the original specification. I agree. I would emphasize, though, that we contend below and we contend here that that's our favorite passage in the specification. We think that is some of the strongest support for our construction and the district court's construction because it draws a clear distinction. It tells us that the securing yarns and the yarns of the upper and lower layers are not one and the same. They are not one and the same, but it says nothing about how a warper weft yarn cannot serve the function of a securing yarn. In fact, I mean, I know we're going in circles. It says to me, at least, that a warper weft yarn can, very much can, serve the function of a securing yarn. Do the dependent claims actually say that the warper weft yarns perform the function of the securing yarns or they are the securing yarns? More the latter, Your Honor. They say the securing yarns could include the yarns of the upper and lower layers. So, Your Honor, I know... So even if we read that passage as saying the warper weft can perform the function, I mean, is there even written description support for these dependent claims? Because they don't talk about performing the function. They talk about them being the securing yarns. The dependent claims do, Your Honor, and there is no support for that. No, correct. But that's not an issue before us or was raised in the district court, right? You didn't get to invalidity. We did not get to invalidity, but, Your Honor, we did argue that there is no support, evidentiary support, intrinsic evidentiary support for the construction. So not a 112 invalidity issue, but related because we're saying there's no support. And again, I don't want to go in circles and I understand Your Honor's question, but I would just emphasize that while that embodiment, which references using warp or weft yarns to do the function of securing, while that's referenced, that very passage tells us that using the warp and weft yarns to perform that function would be an embodiment where there are no securing yarns, as defined by the patentee. That's an embodiment where the warp and weft yarns of the upper and lower layers are used without securing yarns in place of them. Does that go to the construction of what a warp and weft yarn can be rather than a securing yarn? I don't think so, Your Honor. I think because, I don't think there's much of a dispute that the warp and weft yarns are used in the upper layer and lower layer too. I'm not trying to trap you. I don't think it matters to your case if, and I don't think they would have argued this anyway, if securing yarns has to be separate from these but a warp and weft yarn can perform the function of a securing yarn. You know, maybe it does, maybe your project infringes under that, but we're here on what securing yarn means. Correct. And if it has to be separate from warp and weft, even if warp and weft can perform the same function, then that's the correct construction. And I think that's fundamentally our point, Your Honor, that even if this passage discloses, well, it discloses two embodiments. We can agree on that. The in-addition-to embodiment and the in-place-of embodiment. In the in-addition-to, and both support our construction. I'll explain why. In the in-addition-to embodiment, we have securing yarns performing the function of securing and the warp and weft yarns performing the function of securing. But in that embodiment, the patentee's telling us the securing yarns are different than the warp and weft yarns, even though they're both performing the same function. In the in-place-of embodiment, there are no securing yarns. The warp or weft yarns are being used in place of the securing yarns. To me, it's impossible to reconcile that language, the patentee's language in the original specification, with the construction now being urged by Bardet, which is not simply that the warp and weft yarns of the upper and lower layers can perform the function of securing. That's not Bardet's construction. Bardet's construction is that the securing yarns, as that phrase is used in the invention, can be the warp and weft yarns. They can be one and the same. That's their argument. And specification column 3, lines 35 to 42, to me, undermines that without question. And the other portions of the specification undermine that. Which I did not get into, Your Honor. They're throughout the brief, but everywhere in the specification, securing yarns are actually defined in contrast to the warp and weft yarns of the upper and lower layer. That's how the patentee tells us what they are. Thanks. Thank you. Counsel, you have about 3 1⁄2 minutes, and we've got a lot. Thank you, Your Honor. Just very briefly, I think it is important to note the claim language in the dependent claims. It says, the woven fabric of claim 1, wherein the securing yarns include one or more of the upper warp yarns, lower warp yarns, upper weft yarns, and lower weft yarns. And I think what needs to be done, or we urge the court to do, is read that together with the paragraph in column 3. And it should be read so that they're consistent. I believe that does provide support, and I think that the only way to read it consistently is to adopt our construction. What do you say to the suggestion that the specification contemplates an embodiment where there is no securing yarn? The in lieu of or in place of is an embodiment, they would say not claimed, in which maybe a warp and weft are serving the function of a securing yarn, but there is no securing yarn. That seems to be their argument now. What's the response? Yeah, I think that you look at the dependent claims and you read that with that paragraph, and that's not how it plays out. I think the in place of means that the securing yarns can include the warp or weft yarns. When you read those two things together, I think that's the conclusion you have to come to. Thank you. Anything else? Case is submitted.